UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-22508-CIV-ALTONAGA/Goodman

ROBERTO ARIAS,

    Plaintiff,
v.

INTEGON NATIONAL
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendant, Integon National Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 21] for failure to state a claim for relief, filed July 31, 2018. The Court has carefully reviewed the Amended Complaint [ECF No. 17], the Motion, Plaintiff's Response in Opposition [ECF No. 28], Defendant's Reply [ECF No. 29], and applicable law. For the reasons that follow, the Motion is granted.

### I.    BACKGROUND

Plaintiff, a Florida resident, is the owner of insured residential property located in Miami-Dade County, Florida. (*See* Am. Compl. ¶ 2). In consideration of premiums timely and fully paid, Defendant issued a contract of residential property insurance for the property, and it was in full force and effect. (*See id.* ¶ 4). The insurance policy (the "Policy") was obtained by the mortgagee for the property, Florida Community Bank ("FCB"). (*See id.* 1 n.1).[1] Because Plaintiff is designated as the borrower on the Policy and not as a named insured, Plaintiff states the Amended Complaint is a third-party complaint. (*See id.*).

---

[1] In citing to the Amended Complaint, the Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Under the terms of the Policy, Defendant provided insurance against losses to the property. (*See id.* ¶ 6). While the Policy was in full force and effect, on September 10, 2017, the property sustained damage to the exterior and interior by Hurricane Irma. (*See id.* ¶ 7). Plaintiff reported the incident to Defendant, made the property available for inspection, and cooperated with Defendant's investigation of the loss. (*See id.* ¶ 8). Defendant acknowledged coverage for the loss and issued payment, but that payment was not enough to fully and properly repair the damage. (*See id.* ¶¶ 11–12). Defendant declined to make any additional payments and did not offer to negotiate or participate in an appraisal. (*See id.* ¶ 14).

Defendant has a contractual and equitable obligation to pay for the cost of all necessary repairs for the whole loss and damages, and its obligation is not fulfilled until that amount is accurately assessed and fully paid. (*See id.* ¶ 15). Plaintiff cannot use Defendant's initial payment to begin making repairs due to the dispute over the amount of the loss and his inability to obtain a contractor before the scope and cost of all repairs are determined. (*See id.* ¶ 16). Defendant's unwillingness to pay an adequate amount for the damage to the insured property is a breach of Defendant's obligations under the Policy. (*See id.* ¶ 17). On the basis of these allegations, Plaintiff seeks compensatory damages and a jury trial. (*See id.* 3).

Defendant supplied the Policy with its Motion to Dismiss [ECF No. 5] the original Complaint. (*See* Lender-Placed Insurance Policy [ECF No. 5-1]). The Policy reflects the named insured is FCB, and Plaintiff is identified as the "Borrower." (*Id.* 6).[2] The Policy contains several material provisions. First, the Policy clearly states it is a contract between FCB and Defendant, not a contract between Plaintiff and Defendant:

> The NAMED INSURED has purchased insurance on the DESCRIBED LOCATION for the amount and premium indicated above.

---

[2] In citing to the Policy, the Court uses the pagination generated by the electronic CM/ECF database.

> The contract of insurance is only between the NAMED INSURED and Integon National Insurance Company. There is no contract of insurance between the BORROWER and Integon National Insurance Company. The insurance purchased is intended for the benefit and protection of the NAMED INSURED, insures against LOSS only to the dwelling and OTHER STRUCTURES on the DESCRIBED LOCATION, and may not sufficiently protect the BORROWER'S interest in the property. No coverage is provided for contents, personal effects, additional living expense, fair rental value or liability unless otherwise endorsed in this Policy . . . . The NAMED INSURED may cancel the insurance coverage at any time.

(*Id.* (alteration added)).

As to contractual obligations, "'YOU,' 'YOUR', and 'YOURS' means the NAMED INSURED shown on the DECLARATIONS PAGE of the Policy . . . ." (*Id.* 10 (alteration added)). "'BORROWER' means the person(s) or entity identified as the BORROWER on the NOTICE OF INSURANCE." (*Id.*). Finally, the Policy addresses Defendant's obligation to make payment for loss only to FCB and not to Plaintiff as follows:

> LOSS Payment. WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE, the BORROWER may be entitled, as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER'S insurable interest in the damaged or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, the BORROWER has no rights under this RESIDENTIAL PROPERTY FORM.

(*Id.* 15).

## II.     STANDARD

The standard governing review of a Rule 12(b)(6) motion is well established. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual

allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012).

On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)). Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see also Sinaltrainal*, 578 F.3d at 1260 ("[U]nwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of [a] plaintiff's allegations." (alterations added; internal quotation marks omitted) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005); other citation omitted)).

The scope of review on a motion to dismiss under Rule 12(b)(6) is limited to the four corners of the complaint. *See Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citation omitted). Yet, the court "may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id.* (internal quotation marks omitted) (quoting *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); other citation omitted).

### III.  DISCUSSION

Defendant moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for relief. (*See generally* Mot.). Defendant makes two principal arguments. First, Defendant asserts the Amended Complaint does not and cannot state a cause of action for breach of contract on a theory of intended third-party beneficiary. (*See id.* 4–10). Second, Defendant contends the Amended Complaint does not state a cause of action for breach of contract as a simple loss payee. (*See id.* 10–11). The Court addresses these two arguments in turn.

#### A.  Third-Party Beneficiary

Plaintiff acknowledges he brings suit for breach of the Policy "not as a named insured, [and] so this Amended Complaint is a third-party complaint." (Am. Compl. 1 n.1 (alteration added)). To state a claim for breach of contract as an intended third-party beneficiary, Plaintiff must allege: "(1) the existence of a contract to which Plaintiff is not a party; (2) an intent, either expressed by the parties or in the provisions of the contract, that the contract primarily and directly benefit Plaintiff; (3) breach of that contract; and (4) damages resulting from the breach."

*Heller v. Carnival Corp.*, 191 F. Supp. 3d 1352, 1364 (S.D. Fla. 2016) (citation omitted); *see also Found. Health v. Westside EKG Assocs.*, 944 So. 2d 188, 195 (Fla. 2006) (citation omitted).

> Under Florida law, a third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party. If the contracting parties had no such purpose in mind, any benefit from the contract reaped by the third party is merely 'incidental,' and the third party has no legally enforceable right in the subject matter of the contract.

*Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 982 (11th Cir. 2005) (citations omitted).

For a contract to intend to benefit a third party, the intent must be specific and clearly expressed in the contract. *See Heller*, 191 F. Supp. 3d at 1365 (citation omitted). "It is not enough for a third party to have an 'incidental or consequential benefit.'" *Id.* (citation omitted). Furthermore, "[b]oth contracting parties must intend to benefit third parties; it is insufficient if only one party unilaterally intends to benefit some third party." *Belik v. Carlson Travel Grp., Inc.*, 864 F. Supp. 2d 1302, 1312 (S.D. Fla. 2011) (alteration added; citation omitted).

Defendant's Motion is well-taken — Plaintiff fails to state a claim for breach of a contract as an intended third-party beneficiary of the Policy between FCB and Defendant. The Policy could not be clearer in expressing the contracting parties' intent not to primarily and directly benefit the Plaintiff-borrower. As noted, the Policy unambiguously states there is no contract of insurance between Plaintiff and Defendant. (*See* Policy 6). The Policy also provides that the purchased insurance is "intended for the benefit and protection of" FCB (*id.*), and advises that the Policy may be insufficient to protect Plaintiff's interest in the property (*see id.*). The terms of the Policy therefore unmistakably show the Policy was not intended to extend to or benefit a third-party.

Numerous courts have held lender-placed policies such as this one do not confer upon a borrower intended third-party beneficiary status. (*See* Mot. 6–7 (citing cases)). For example,

Plaintiff's position was rejected last year in *Hogan v. Praetorian Insurance Co.*, 17-cv-21853, 2017 WL 5643234, at *4–5 (S.D. Fla. July 31, 2017). There, the court made the following pertinent observations, which are equally applicable here:

> The Court rejects Plaintiff's argument that she plausibly alleges a claim as a third-party beneficiary to the Policy. In short, Plaintiff relies on Middle District of Florida and Florida Circuit Court decisions that applied Fla. Stat. § 627.405 to hold that property owners were third-party beneficiaries with standing to bring a claim for breach of an insurance policy . . . . However, the Court has carefully reviewed the cases . . . and finds them to be inapposite, as **none** of these cases involve policies that contain "the clear or manifest intent <u>not</u> to primarily and directly benefit the third party."
>
>        *         *         *
>
> In this case, Plaintiff is: (1) not listed as a named insured in the Policy; (2) not referred to or designated as a third-party beneficiary under the Policy; and (3) in fact, expressly excluded from coverage . . . . In particular, the Policy provides:
>
>> The contract of insurance is only between the NAMED INSURED and Praetorian Insurance Company. There is no contract of insurance between the BORROWER and Praetorian Insurance Company. The insurance purchased is intended for the benefit and protection of the NAMED INSURED, insures against LOSS only to the dwelling and OTHER structures on the DESCRIBED LOCATION, and may not sufficiently protect the BORROWER'S interest in the property.
>
>        *         *         *
>
> This language clearly and unambiguously shows that the BORROWER, i.e. Plaintiff, is not an intended third-party beneficiary of the Policy, except, possibly, as a "simple LOSS payee . . . [if the] amount of the LOSS exceeds [Seterus'] insurable interest."

*Id.* (citations to the record and case citations omitted; emphasis and alterations in original; ellipses added); *see also Catatonic Invs. Corp. v. Great Am. Assur. Co.*, No. 14-cv-21621, 2014 WL 11997839 (S. D. Fla. Nov. 25, 2014). The identical lender-placed policy of insurance that Plaintiff sues under was also found insufficient to form the basis of an intended third-party beneficiary breach-of-contract claim brought by the borrower in *Buitrago v. Integon National*

7

*Insurance Company*, Case No. 2017-CA-10101-O (Fla. 9th Cir. Ct. July 12, 2018). (*See* Mot. Ex. 1 [ECF No. 21-1]).

Plaintiff insists the Amended Complaint pleads facts "leading to the inescapable conclusion that Plaintiff has an insurable interest in the property." (Resp. 5). Plaintiff asserts he has standing to proceed with the case, as the balance of his mortgage is less than the amount of damages he is claiming. (*See id.*). Moreover, according to Plaintiff, Defendant knows this "but is nevertheless 'going through the motions' and delaying the adjudication of this case on the merits." (*Id.*).

Plaintiff's arguments are unavailing. Indeed, even the principal case upon which Plaintiff relies for standing, *Joseph v. Praetorian Insurance Company*, No. 17-61237-Civ, 2017 WL 5634938 (S. D. Fla. Oct. 4, 2017) (*see* Resp. 3–4), supports Defendant's position, not Plaintiff's. *See Joseph v. Praetorian Ins. Co.*, No. 17-61237-Civ, Order Granting in Part Defendant's Motion to Dismiss [ECF No. 29], at *5 (S.D. Fla. Feb. 16, 2018) (explaining that in its prior order, the court "found that Plaintiff had an insurable interest, and, for some [c]ourts, that is enough to confer standing under the insurance contract . . . . However, under the unambiguous language of the Policy, Plaintiff is not a third-party beneficiary or omnibus beneficiary." (citations omitted; alterations added)).

Based on the clear language of the Policy, Defendant intended to exclusively benefit FCB. Plaintiff's mere ownership of the property does not confer upon him third-party beneficiary status. *See Bochese*, 405 F.3d at 983 ("The mere fact that [plaintiff's] land was incorporated into [the policy], without any expression of an intent to confer a benefit on [plaintiff], is wholly insufficient to establish that [plaintiff] was an intended beneficiary of the

agreement." (alterations added; footnote call number omitted)). Plaintiff's Amended Complaint therefore fails to state a plausible breach-of-contract claim under a third-party beneficiary theory.

### B. Simple Loss Payee

Defendant acknowledges the only way Plaintiff can possibly advance a claim is by alleging sufficient facts establishing he is a "simple LOSS payee" under the Policy's Loss Payment provision. (*See* Mot. 10–11 (citing cases)). Defendant recognizes a plaintiff seeking to recover under an insurance policy's loss payable clause may recover against the insurer as a third-party beneficiary of the loss payable clause and to that extent only. (*See id.* 11 (citation omitted). To do so, Plaintiff "must allege that the amount of damages being claimed exceeds the unpaid principal balance at the time of loss, thus potentially entitling Plaintiff as a Borrower to residual amount as a simple loss payee only." (*Id.* (citations omitted; footnote call number omitted)).

In his Response, Plaintiff asserts Defendant knows that "as of last month, the balance of the mortgage on the property was $47,556.43. That is far less than the amount of Plaintiff's claim for damages, which, as Defendant acknowledged in its Notice of Removal, is $136,157.13." (Resp. 3 (citing Notice of Removal [ECF No. 1] ¶ 8)). To this, Defendant points out the not surprising proposition that a plaintiff cannot amend his complaint in a brief in opposition to a motion to dismiss. (*See* Reply 5–6 (citing cases)); *see also Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) ("We repeatedly have held that plaintiffs cannot amend their complaint through a response to a motion to dismiss" (citation omitted)).

The numbers Plaintiff provides in his Response — the balance on the mortgage and his claim for damages – are not contained in the Amended Complaint. Plaintiff thus fails to state a claim as a simple loss payee under the Policy. Regrettably, this defect could — and should have

been — easily cured with an amendment without the need to engage in this second round of motion practice directed to the pleading.

## IV.  CONCLUSION

Being fully advised, it is

**ORDERED AND ADJUDGED** that Defendant, Integon National Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint **[ECF No. 21]** is **GRANTED**. Given the deadline to amend pleadings passed on August 17, 2018 (*see* Order Setting Trial and Pre-Trial Schedule [ECF No. 15]), Plaintiff has until September 21, 2018 to file a second amended complaint.

**DONE AND ORDERED** in Miami, Florida, this 17th day of September, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record